**UNITED SAVERS ACCEPTANCE CORPORATION, Plaintiff,**

v.

**Carl E. KELTON, Sr., Wells Construction and Realty Co., Inc., Carl E. Kelton, Jr., Leslie K. Wells, Thomas W. Kellogg and Lawrence White, Defendants.**

**Civ. A. No. 89–149.**

United States District Court, D. Vermont.

July 26, 1991.

Douglas S. Moore, Mary Miles Teachout, Teachout, Brooks, Moore & McNally, Norwich, Vt., Maria Nichols, Kaye, Fialkaw, Richmond & Rothstein, Boston, Mass., for plaintiff.

Harry A. Black, Black, Black & Davis, White River Junction, Vt., for defendant Carl E. Kelton, Jr.

Stephen A. Dardeck, Tepper & Dardeck, Rutland, Vt., for defendant Leslie K. Wells.

Tavian M. Mayer, Mayer & Burke, South Royalton, Vt., for defendant Thomas W. Kellogg.

Richard J. Wright, Debonis, Wright & Winpenny, Poultney, Vt., for defendant Lawrence White.

## OPINION AND ORDER

PARKER, District Judge.

Defendant Leslie K. Wells has filed an objection to Magistrate Judge Jerome J. Niedermeier's Report and Recommendation to deny her motion for summary judgment. We review the Magistrate Judge's recommendations pursuant to 28 U.S.C. § 636(b).[1]

The complaint alleges that the defendants participated in a series of fraudulent schemes to defraud the plaintiff, a corporation engaged in the practice of financing the purchase of motor vehicles from Kelton Motors, Inc. In brief, plaintiff claims it was deceived, partly through the participation of defendant Wells in the scheme,

---

1. The Magistrate Judge also recommended denial of summary judgment motions of Carl E. Kelton, Jr., Thomas W. Kellogg, and Lawrence White. As these defendants did not file objections to the Magistrate Judge's recommendations, the recommendations are accepted and said defendants' motions are hereby DENIED. See 28 U.S.C. § 636(b). Default judgments against the other two defendants, Carl E. Kelton, Sr. and Wells Construction and Realty Co., Inc., were entered by this Court on March 2, 1990.

to extend financing for sales of various vehicles that never in fact took place. Plaintiff seeks civil damages under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1969–1968, and for common law fraud.

The Magistrate Judge reviewed the pleadings, depositions and other material in the file and found sufficient evidence on each element of plaintiff's case to survive a motion for summary judgment. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); Fed.R.Civ.P. 56(c), (e). Defendant Wells objects particularly to the determination that sufficient evidence exists to support three elements necessary to sustain a RICO claim under 18 U.S.C. § 1964(c): that the plaintiff suffered injury as a result of the fraudulent scheme, that Wells contemplated harm to plaintiff, and that Wells participated in a pattern of racketeering.

■ As to the first objection, defendant asserts that "USAC must be able to prove that its injury was caused by the acts or omissions of Mrs. Wells," and that a jury could not "reasonably determine that USAC's injury was caused by her acts or omissions." This court disagrees. Section 1964(c) of Title 18 authorizes a private suit by "[a]ny person injured in his business or property by reason of a violation of section 1962." Section 1962(c) makes it unlawful

> for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity....

"If the defendant engages in a pattern of racketeering activity in a manner forbidden by [§ 1962], and the racketeering activities injure the plaintiff in his business or property, the plaintiff has a claim under § 1964(c)." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 495, 105 S.Ct. 3275, 3284, 87 L.Ed.2d 346 (1985). The complaint in this case alleges that each of the defendants "deceived USAC by false and fraudulent pretenses into believing that the defen-

dants were bona fide purchasers of motor vehicles from [Kelton Motors, Inc.] and that USAC was financing bona fide purchases of motor vehicles from [Kelton Motors]." ¶ 17. More specific allegations against Wells are contained in paragraphs 26 and 27 of the complaint. For example, plaintiff alleges that Wells received coupon books in the mail "for the purpose of executing the scheme of deceiving USAC into believing that there was an actual and bona fide sale" by Kelton Motors of a certain van. A reasonable jury could infer from these allegations that the losses alleged by plaintiff stemmed in part from the actions of defendant Wells.

■ The second objection is a challenge to the sufficiency of the evidence produced by plaintiff on one of the elements of mail and wire fraud, 18 U.S.C. §§ 1341, 1343, which are the predicate racketeering acts alleged in the complaint. See 18 U.S.C. § 1961(1)(B) ("racketeering activity" defined to include acts indictable under federal mail and wire fraud statutes). The offenses of mail and wire fraud require for their commission that the perpetrator possessed a fraudulent intent, that is, that he or she "*contemplated* some actual harm or injury" to the victim of the fraud. *United States v. Starr*, 816 F.2d 94, 98 (2d Cir. 1987) (emphasis in original). Wells argues that the evidence of contemplated harm is absent or insufficient because her participation in the fraudulent scheme was limited to the receipt of payment coupon books through the mail and making some payments on the fraudulent loans. However, a reasonable factfinder would be entitled to infer from even such limited direct evidence of participation in the scheme the existence of the requisite fraudulent intent: by knowingly participating in the scheme to obtain fraudulent loans from plaintiff, Wells contemplated that plaintiff would be harmed thereby, whether or not she initiated the plan or controlled its outcome. Defendant also argues that "the harm which befell USAC resulted from its own failure to obtain security for its loans." Whether or not that is so, however, is irrelevant to the question whether defendant intended USAC to be harmed by the scheme.

Finally, defendant Wells objects to the Magistrate Judge's determination that plaintiff has demonstrated sufficient evidence that Wells engaged in a *pattern* of racketeering activity. To prove a pattern of racketeering activity under RICO, there must be at least two related predicate acts (in Wells's case, the incidents of mail fraud) that "amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239, 109 S.Ct. 2893, 2900, 106 L.Ed.2d 195 (1989). Defendant does not contest that the predicate acts alleged by plaintiff are related; she maintains, rather, that these predicate acts constituted neither "long-term criminal conduct"—Congress's concern in RICO, see *id.* at 242, 109 S.Ct. at 2902—nor short-term racketeering with a threat of continuity. The Supreme Court in *Northwestern Bell* offered examples of how the plaintiff might prove a threat of continued racketeering activity, including an example, as defendant notes in her objection, where the threat is explicit. Not mentioned by defendant, however, is the final sentence of the same paragraph:

> The continuity requirement is likewise satisfied where it is shown that the predicates are a regular way of conducting defendant's ongoing legitimate business (in the sense that it is not a business that exists for criminal purposes), or of conducting or participating in an ongoing and legitimate RICO "enterprise."

*Id.* at 243, 109 S.Ct. at 2902. Plaintiff in this case has demonstrated sufficient evidence to permit a finding that the commission of mail fraud by defendant Wells and others was a regular way of conducting or participating in an ongoing and legitimate enterprise under RICO, namely, Kelton Motors. No more is required to prove a pattern of racketeering activity.

The Magistrate Judge's Report is accepted in whole and incorporated herein. Defendant Wells's motion for summary judgment is DENIED.